# EXHIBIT 1

## Summons and Complaint

# EXHIBIT 1



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 22533766**
**Date Processed: 01/08/2021**

| | |
|---|---|
| **Primary Contact:** | Paul Georgeson<br>Caesars Entertainment, Inc.<br>1 Caesars Palace Dr<br>Las Vegas, NV 89109-8969 |
| **Electronic copy provided to:** | Neal Krokosky<br>Donna Becker<br>Maya Clark<br>Tracey Hudson |
| **Entity:** | Harrah's Las Vegas, LLC<br>Entity ID Number  1721012 |
| **Entity Served:** | Harrah's Las Vegas, LLC |
| **Title of Action:** | Meliton Hernandez vs. Harrah's Las Vegas, LLC |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Clark County District Court, NV |
| **Case/Reference No:** | A-20-822326-c |
| **Jurisdiction Served:** | Nevada |
| **Date Served on CSC:** | 01/07/2021 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | James P. Kemp<br>702-258-1183 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Exhibit 1  Page 1

SUMM

## DISTRICT COURT

## CLARK COUNTY, NEVADA

MELITON HERNANDEZ,

          Plaintiff,

vs.

HARRAH'S LAS VEGAS, LLC, a Nevada Limited Liability Company,

          Defendant.

Case No.: A-20-822326-C

Dept. No. 24

**SUMMONS**

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

HARRAH'S LAS VEGAS, LLC, a Nevada Limited Liability Company;

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
   (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted by:

/s/ James P. Kemp
JAMES P. KEMP, ESQ.
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183
Attorney for Plaintiff

CLERK OF COURT
By: _____  11/23/2020
    Deputy Clerk            Date
    Demond Palmer

    NOTE: When service is by publication, add a brief statement of the object of the action.
        See Rules of Civil Procedure 4(b).

Exhibit 1  Page 2

STATE OF _____ )
                      )ss:                **AFFIDAVIT OF SERVICE**
COUNTY OF_____ )

_____, being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____

on the _____ day of _____, 20_____ and served the same on the _____ day of _____, 20\_\_\_\_\_ by:

**(Affiant must complete the appropriate paragraph)**

1. Delivering and leaving a copy with the Defendant _____ at (state address) _____.

2. Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at: (state address) _____.

(Use paragraph 3 for service upon agent, completing A or B)

3. Serving the Defendant _____ by personally delivering and leaving a copy at (state address) _____.

    a. With _____ as _____, an agent lawfully designated by statute to accept service of process;
    b. With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4. Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

    _____ Ordinary mail
    _____ Certified mail, return receipt requested
    _____ Registered mail, return receipt requested

addressed to the Defendant _____ at Defendant's last known address which is (state address) _____.

COMPLETE ONE OF THE FOLLOWING:

(a) If executed in this state, "I declare under penalty of perjury that the foregoing is true and correct."

_____
Signature of person making service

(b) If executed outside of this state, "I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct."

_____
Signature of person making service

Exhibit 1   Page 3

Electronically Filed
10/30/2020 11:32 AM
Steven D. Grierson
CLERK OF THE COURT

JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110,
Las Vegas, NV 89130
(702) 258-1183/(702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff MELITON HERNANDEZ

DISTRICT COURT
CLARK COUNTY, NEVADA
\* \* \*

| | |
|---|---|
| MELITON HERNANDEZ,<br><br>                               Plaintiff,<br><br>vs.<br><br>HARRAH'S LAS VEGAS, LLC, a Nevada Limited Liability Company,<br><br>                               Defendants | Case No.: A-20-822326-c<br><br>Dept. No.:   24<br><br>**FIRST AMENDED COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>(Arbitration exemption claimed: action seeking equitable or extraordinary relief) |

COMES NOW THE PLAINTIFF, by and through his counsel, JAMES P. KEMP, ESQ., of KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the Defendant(s) as follows:

I. **JURISDICTION AND VENUE**

The Court has jurisdiction over this case for both the federal and state law claims set forth herein and venue is proper because the material events complained of herein took place in Clark County, Nevada and the Defendant is headquartered in Clark County Nevada.

Exhibit 1 Page 4

## II. CLAIMS FOR RELIEF

### ALLEGATIONS COMMON TO ALL CLAIMS

1. This is a civil action for damages under state and federal statutes prohibiting discrimination and to redress deprivation of rights under these laws, as well as claims under the common law of Nevada.

2. Plaintiff's statutory claims arise under the Americans With Disabilities Act of 1991 as amended by the Americans With Disabilities Act Amendments Act (herein "ADA" or "ADAAA") and NRS Chapter 613.

3. As Plaintiff's employer during the relevant time period, Defendant was engaged in operations and/or conducting business within the County of Clark, State of Nevada. Defendant HARRAH'S LAS VEGAS, LLC was engaged in activities affecting commerce and employed at least 500 employees in the two calendar years preceding the events in question.

4. As an employer in Nevada, and/or other states, Defendant is required to comply with all state and federal statutes which prohibit disability discrimination.

5. Plaintiff, MELITON HERNANDEZ, is a resident of the County of Clark, State of Nevada, who was employed by Defendant from approximately August 14, 1997 through August 16, 2017 when he was fired from his job as a fry cook. After approximately seven or eight months Plaintiff was restored to his position as a fry cook through a union grievance process.

6. At all times mentioned herein the Plaintiff performed his work at or above a level that the Defendants had a reasonable right to expect.

7. Plaintiff was capable of performing the essential functions of his job, with or without an accommodation.

8. Alternatively, Defendant had alternative positions that it could have placed the Plaintiff into and avoided terminating his employment.

Exhibit 1  Page 5

9. The Defendant failed to engage in the interactive process and individualized assessment required under state and federal anti-discrimination laws.

10. Defendant HARRAH'S LAS VEGAS, LLC is a Nevada Limited Liability Company duly formed and authorized to conduct business in Nevada and having its principal place of business at 3131 Las Vegas Boulevard South, Las Vegas, Nevada 89109.

## FACTS

11. Plaintiff commenced his employment with Defendants in approximately August 14, 1997. He was terminated on or about August 16, 2017 (20 years later). Plaintiff's job was as a fry cook..

12. Plaintiff had suffered an industrial injury that arose in the course of and arose out of his employment and he had filed a valid workers' compensation claim under the Nevada Industrial Insurance Act, NRS Chapters 616A-616D and 617. In April 2016 Plaintiff underwent surgery for his industrial injury. Plaintiff was off work from the time of his surgery until November 4, 2016 when he returned to modified duty.

13. On September 22, 2016 Defendant offered and Plaintiff accepted a temporary modified duty position in the Flavors Buffet Department.

14. Plaintiff worked in the position at Flavors Buffet, but soon had to transfer to Fulton Café because his work restrictions were not being followed at the Buffet, but they could be accommodated better at the Fulton Café.

15. Plaintiff was released from medical treatment with permanent work restrictions in approximately March 2017.

16. Plaintiff continued to work within his restrictions at Fulton Café. At the end of July 2017 Plaintiff's workers' compensation claim was closed. Just a few weeks later, on August 16, 2017, Plaintiff was fired from his job with Defendant telling him that he could not perform the functions of his job because of the risk of injuring himself again. The Defendant regarded

Exhibit 1 Page 6

Plaintiff as disabled.

17. Plaintiff contends that the reason Defendant gave his termination was pretextual and false and that the real reason was disability discrimination. Plaintiff had been working fine without incident from November 2016 until he was filed, even after he was released from medical treatment.

18. Defendant failed to properly engage in an interactive process, individualized to the Plaintiff's circumstances, as required by state and federal disability anti-discrimination law.

19. Plaintiff contends that there were reasonable accommodations that could have been provided to keep him in his job. Alternatively there were other jobs that Defendant had that Plaintiff could have been placed into. Defendant's failure to engage in good faith in the interactive process resulted in the Plaintiff being discriminated against and not accommodated reasonably as is required under the law.

20. Rather than fulfill its obligations to engage in the interactive process and place the Plaintiff into an open position, the Defendant merely told Plaintiff that he could, on his own, search for jobs at Defendant's place of business and competitively apply for them if he found one he was interested in.

21. Defendant failed to reasonably accommodate Plaintiff and failed to properly engage in the interactive process and instead discharged the Plaintiff in violation of the Americans With Disabilities Act of 1990, as amended.

22. Plaintiff grieved the termination of his employment through his union and was reinstated to his job in approximately March 2018.

23. The Plaintiff timely dual-filed his Charge of Discrimination, #34B-2017-01278, with the U.S. Equal Employment Opportunity Commission (EEOC) and the Nevada Equal Rights Commission (NERC), #1102-17-0517L, on November 2, 2017.

Exhibit 1  Page 7

24. Nevada Equal Rights Commission found probable cause for discrimination under the disability discrimination provisions of NRS Chapter 613.

25. Defendants subjected Plaintiff to different, unequal and discriminatory treatment which included but was not limited to a failure to accommodate the Plaintiff and the termination of his employment due to disability discrimination. This different, unequal and discriminatory treatment in his employment was on account of and directly connected with or related to Plaintiff's Disability.

26. Defendant is required to comply with federal statutes prohibiting employment discrimination including those referenced herein.

27. Plaintiff has exhausted all required administrative avenues.

28. NERC issued a Notice of Right to Sue on May 15, 2020 while the Governor of Nevada had declared a state of emergency and had ordered all legal filing deadlines tolled for cases in Nevada. (Declaration of Emergency Directive 009 (REVISED) dated April 1, 2020 at Section 2: "Any specific time limit set by state statute or regulation for the commencement of any legal action is hereby tolled from the date of this Directive until 30 days from the date the state of emergency declared on March 12, 2020 is terminated.") The May 15, 2020 Notice of Right to Sue specifically stated that the 90-day time limit was tolled under the Governor's directive. On June 29, 2020 the Governor of Nevada issued Declaration of Emergency Directive 026 which at Section 5 states as follows: "Directive 009 (Revised) shall terminate on June 30, 2020 at 11:59 p.m. All time tolled by Section 2 shall recommence effective July 31, 2020 at 11:59 p.m." Accordingly, the 90-day right to sue period issued in NERC's May 15, 2020 letter commenced to running on July 31, 2020 at 11:59 p.m. This civil action bringing claims under statutes within NRS Chapter 613 was filed on October 1, 2020, within the 90-day period required. This action was timely filed.

Exhibit 1   Page 8

29. Notwithstanding the tolling, the Plaintiff, Meliton Hernandez, NEVER received the May 15, 2020 letter. To this day he has not received it, but he was made aware of its existence on October 1, 2020, the same day as he filed this civil action. Because he NEVER received the letter the 90-day time period NEVER began to run. Accordingly this case is timely filed.

30. On September 9, 2020 EEOC issued its Right to Sue Notice for Plaintiff's federal charge. This case was timely filed for Plaintiff's federal claims.

### FIRST CLAIM: DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

All other pertinent Paragraphs of this Complaint are expressly incorporated here by reference as if fully reasserted, alleged, and set forth herein.

31. Plaintiff was qualified for his job and capable of performing the essential functions of the job without a reasonable accommodation.

32. Plaintiff was regarded as being disabled by the Defendant, specifically more disabled than he actually was.

33. Defendant failed to engage in the required interactive process, failed to provide Plaintiff with a reasonable accommodation when one or more were available, regarded the Plaintiff as more disabled than he actually was, and discharged the Plaintiff because of his disability.

34. Plaintiff has been harmed by Defendant's actions, has suffered damages and is entitled to be fully compensated therefor.

35. Defendant's acts constituted discrimination against Plaintiff with respect to his compensation, benefits, terms, conditions, or privileges of employment because of an actual or perceived disability in violation of the Americans with Disabilities Act as amended effective January 2009.

36. Plaintiff suffered injury to his reputation, embarrassment, humiliation, mental anguish and suffering, inconvenience, emotional distress, and other cognizable general damages as a direct

Exhibit 1 Page 9

and proximate result of Defendant's actions. The amount of these damages is a question of fact that may only be ascertained by the jury at trial.

37. Plaintiff has suffered and may still suffer lost wages and benefits of employment as a direct and proximate result of the actions of the Defendants.

38. Defendant's discriminatory and retaliatory treatment of the Plaintiff in his employment was in violation of the Americans with Disabilities Act as amended effective January 2009.

39. Plaintiff has been required to hire an attorney and expend fees and costs to pursue her rights through this action.

40. The actions of the Defendants were willful, malicious, oppressive, deliberately violative of the Plaintiff's legal rights and calculated to discourage Plaintiff and other of Defendant's employees from pursuing their rights under Federal law. To the extent permitted by law, the Defendant should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

41. Plaintiff is entitled to and demands equitable or extraordinary relief in the form of an order requiring the Defendant to refrain from future discriminatory violations of the law and to comply with the accommodations that Plaintiff needs to maintain his employment.

## SECOND CLAIM: DISCRIMINATION IN VIOLATION OF NRS CHAPTER 613

All other pertinent Paragraphs of this Complaint are expressly incorporated here by reference as if fully reasserted, alleged, and set forth herein.

42. Defendant has violated the provisions of NRS 613.330 by discriminating against the Plaintiff with respect to his compensation, terms, conditions or privileges of employment, because of his disability.

43. Defendant failed to engage in the required interactive process, failed to provide Plaintiff with a reasonable accommodation when one or more were available, regarded the Plaintiff as more disabled than he actually was, and discharged the Plaintiff because of his disability.

Exhibit 1  Page 10

44. Plaintiff has been harmed by Defendant's actions, has suffered damages and is entitled to be fully compensated therefor.

45. Plaintiff suffered injury to his reputation, embarrassment, humiliation, mental anguish and suffering, inconvenience, emotional distress, and other cognizable general damages as a direct and proximate result of Defendant's actions. The amount of these damages is a question of fact that may only be ascertained by the jury at trial.

46. Plaintiff has suffered and may still suffer lost wages and benefits of employment as a direct and proximate result of the actions of the Defendants.

47. The actions of the Defendant were willful, malicious, oppressive, and done with conscious and knowing disregard for Plaintiff's rights under Federal and Nevada law. The Defendant should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

48. Plaintiff has been required to hire an attorney and expend fees and costs to pursue his rights through this action.

### III. DEMAND FOR JUDGMENT FOR RELIEF

WHEREFORE, the Plaintiff Prays Judgment against the Defendant and requests relief as follows:

1. For all applicable remedies available under the federal statutes applicable to this case as well as all remedies available under Nevada state law;
2. For actual and compensatory damages in an amount to be determined by a jury at trial;
3. For general damages in an amount to be determined by a jury at trial;
4. For nominal damages if that be all that is allowed;
5. For Punitive and/or Exemplary damages from the in an amount to be determined by a jury at trial;
6. For Attorney's fees;
7. For costs of suit;

Exhibit 1 Page 11

8. For pre-judgment interest;

7. For a trial by jury of all issues that may be tried to a jury;

8. For declaratory and/or injunctive relief as set forth herein;

9. For such other and further relief as the court may deem just and equitable.

DATED this 30th day of October, 2020.

                                                    /s/ James P. Kemp
JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110,
Las Vegas, NV 89130
(702) 258-1183/ (702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff

Exhibit 1  Page 12